FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 2, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DELANO MEDINA,

    Petitioner - Appellant,

v.

EDDIE CALEY, Warden of Colorado
Territorial Correctional Facility,
JENNIFER MURPHY, Manager of
Time/Release Operations, COLORADO
PAROLE BOARD, and PHILIP WEISER,
Attorney General of the State of Colorado,

    Respondents - Appellees.

No. 24-1289
(D.C. No. 23-CV-01042-LTB-SBP)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

Delano Medina, a Colorado state prisoner proceeding pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's denial of his motion under Federal

Rule of Civil Procedure 60(b) that sought to reopen his 28 U.S.C. § 2241 petition.

Mr. Medina also moves to proceed in forma pauperis ("IFP"). ECF No. 16. Because

---

[*] This order is not binding precedent except under the doctrines of law of the case, res
judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Medina proceeds pro se, "we liberally construe his filings, but we will not
act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Mr. Medina has failed to satisfy the standards for issuance of a COA, we deny his application for a COA. We also deny his motion to proceed IFP and dismiss this matter.

## I.    BACKGROUND

Mr. Medina filed the instant § 2241 petition in the United States District Court for the District of Colorado, contending that the Colorado Department of Corrections improperly computed his parole eligibility date. After a magistrate judge recommended that the petition be dismissed without prejudice for failure to fully exhaust state court remedies, Mr. Medina filed a document titled *Medina's Response to Magistrate's Recommendation and Agreement to Dismiss Without Prejudice*, in which he "agree[d] this case should be dismissed without prejudice and [did] not object to the recommendation." ROA at 178. That response stated that he "agree[d] with the recommendation" because his "further research" led him to conclude that "42 U.S.C. [§] 1983 is the proper vehicle to address this claim," noting that he had "recently filed" such an action. *Id.* at 177–78.

The district court construed Mr. Medina's response as a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A). In the alternative, the district court reviewed the substance of the recommendation and found no error. Accordingly, the district court dismissed the action without prejudice on September 11, 2023.

More than nine months later, on June 14, 2024, Mr. Medina filed a *Motion to Reopen Petition for Writ of Habeas Corpus Pursuant to Fed. R. Civ. P. 60(b)*. On July 3, 2024, the district court denied the motion for two reasons. First, that Mr. Medina's

2

voluntary dismissal was entered without prejudice, which disposition "divests the district court of subject-matter jurisdiction to consider a Rule 60(b) motion." ROA at 206 (quoting *Waetzig v. Halliburton Energy Servs., Inc.*, 82 F.4th 918, 920 (10th Cir. 2023)). And second, that Mr. Medina had not presented "extraordinary or exceptional circumstances to justify relief under Rule 60(b)," in part because "[i]t remain[ed] the case that any claim [Mr. Medina] presents in a federal habeas application must first be exhausted in state court." ROA at 207–08.

Mr. Medina filed a timely notice of appeal, followed by an application for a COA and a motion to proceed IFP on appeal. ECF Nos. 14, 16.

## II.    DISCUSSION

Before we may exercise jurisdiction over Mr. Medina's case, he must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) ("[T]his court reads § 2253(c)(1)(A) as applying whenever a state prisoner habeas petition relates to matters flowing from a state court detention order. This includes . . . challenges related to the incidents and circumstances of any detention pursuant to state court process under § 2241.").

Under 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy this standard, the applicant must "show [] that reasonable jurists could debate

3

whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Mr. Medina has failed to satisfy this standard and is thus not entitled to a COA. In his opening brief, Mr. Medina claims the district court erred in denying his Rule 60(b) motion to reopen his § 2241 petition, but instead of identifying any supposed error in the district court's disposition of that motion, Mr. Medina merely argues the merits of his petition and emphasizes that similar claims for miscalculated release dates are generally appropriate under habeas corpus.[2] But the instant COA application is necessarily limited to the denial of his Rule 60(b) motion; indeed, the time to appeal the district court's

---

[2] Mr. Medina further complains that he voluntarily dismissed his § 2241 petition in accordance with "the courts [sic] instructions to seek relief in a § 1983" action, claiming, without citation, that the district court's dismissal order concluded "that he should have filed his claim under 42 U.S.C. § 1983." Opening Br. at 1, 3. Mr. Medina claims he has been ensnared in a "Catch-22," *id.* at 3, after we affirmed the dismissal of his § 1983 action because his request for "speedier release from confinement" was "cognizable only in a habeas corpus action." *Medina v. Murphy*, No. 24-1029, 2024 WL 3289638, at *1 (10th Cir. July 3, 2024) (unpublished). But the premise of this grievance fails in the first instance: that is, neither the magistrate judge nor the district court suggested in any measure that Mr. Medina should seek the same relief requested in his § 2241 petition in a § 1983 action. Rather, the magistrate judge recommended dismissal for the sole reason that Mr. Medina had "fail[ed] to exhaust state remedies," ROA at 176, and the district court dismissed the petition on the basis of Mr. Medina's request for dismissal and his express agreement with the magistrate judge's conclusion. Indeed, the record in this case discloses that the only allusion to § 1983—express or otherwise—appears in Mr. Medina's response to the magistrate judge's recommendation, in which Mr. Medina requested dismissal of his petition and stated that his research convinced him that "[§] 1983 is the proper vehicle to address this claim." ROA at 177.

*dismissal* of his § 2241 petition—embodied in a final judgment entered on September 28, 2023—has long since run. *See* Fed. R. App. P. 4(a)(1)(A).

Mr. Medina does not address the district court's reasons for denying the Rule 60(b) motion—that his voluntary dismissal divested the court of subject matter jurisdiction and that he had not pointed to exceptional circumstances justifying relief. Mr. Medina has thus not shown that reasonable jurists could debate whether his Rule 60(b) motion "should have been resolved in a different manner." *Slack*, 529 U.S. at 484.

Finally, Mr. Medina's IFP motion must be denied. To succeed in his motion, Mr. Medina must "show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 5 02, 505 (10th Cir. 1991). Mr. Medina has failed to address the grounds upon which the district court denied his Rule 60(b) motion and has thus not shown the "existence of a reasoned, nonfrivolous argument." *Id.*

### III.    CONCLUSION

We DENY Mr. Medina's request for a COA and his motion for leave to proceed IFP and DISMISS this matter.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

5